Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-245-JBC

JAMES BAXTER                                                                                         PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

KEITH COMBS, ET AL.                                                                           DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

James Baxter, who is incarcerated in the Three Forks Regional Jail (hereinafter "Three Forks"), in Beattyville, Kentucky, instituted a prisoner *pro se* civil rights action, purportedly pursuant to 42 U.S.C. § 1983, and has moved to proceed *in forma pauperis*. The Motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As Baxter is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

### CLAIMS

Plaintiff complains of the conditions of confinement imposed on prisoners, including himself, at Three Forks.

### DEFENDANTS

As defendants, Plaintiff has named the following seven (7) employees of the jail: (1) Keith Combs, Chief of Security; (2) Vada Wilson, Administrator; (3) Harold Little, State Coordinator; (4) Captain Alex Neely; (5) Captain Debbie Alexander; (6) Captain Jona Hayes; and (7) Captain Chrissy Everhart.

### RELIEF REQUESTED

Plaintiff provides a list of proposed changes in the conditions of confinement at the jail and requests a transfer to another jail if conditions at Three Forks are not changed.

### FACTUAL ALLEGATIONS

The Plaintiff has submitted a commonly used complaint form for filing prisoner civil rights actions; additional handwritten pages attached to the form; and a later handwritten letter to the undersigned, which the Court construes as an amendment of right.

Plaintiff states that on March 2, 2007, he arrived at Three Forks charged with an unspecified offense. He complains of the conditions of confinement at the jail, including inmates sleeping on the floor, being exposed to other prisoners' hepatitis, being beaten by other prisoners, eating cold food, being in cells which do not get

cleaned often, being limited to 10-minute showers, not being allowed to talk on the way to the showers, doing without indigent packs to which some prisoners are entitled, enduring smoking in a supposedly smoke-free jail, and suffering errors in their commissary orders.

Baxter also suggests improvements to the above-described conditions, including putting panic buttons in certain cells, enforcing the no-smoking policy, and allowing prisoners "to have video games and others activities to keep inmates from fighting and wanting to smoke. They are trying to run this place like a prison instead of a regional jail."

## DISCUSSION

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

On the form complaint, when asked which federal rights were being violated by the Defendants, Baxter has alluded to no federal law. He has written merely what he wants – *i.e.*, to have daily recreation, to write to his family other than on Sundays,

to possess his personal belongings and legal papers, and to have all inmates sleep on bunks, not the floor. Thus, the Plaintiff has not identified what rights were allegedly violated, the first component of a Section 1983 case.

The Court, nonetheless, liberally construes the *pro se* Plaintiff's allegations as attempting to state a violation of his rights under the U.S. Constitution. The Eighth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners. *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment's protections extend to prisoners' conditions of confinement. *Whitley v. Albers*, 475 U.S. 317 (1986).

A pretrial detainee, which Baxter appears to be, is not within the protection of the Eighth Amendment. However, a pretrial detainee has due process rights under the Fourteenth Amendment which are, in some circumstances, "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983). The rights of pretrial detainees under the Fourteenth Amendment are therefore analogized to those of Eighth Amendment rights of prisoners to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial. *Horn v. Madison Cty. Fiscal Ct., et al.*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

Although this is not an Eighth Amendment case because the Plaintiff apparently had not yet been convicted of a crime, nevertheless, the Defendants' conduct may be

judged by Eighth Amendment standards. To violate the Eighth Amendment standard, prison conditions considered alone or in combination with other conditions must amount to a deprivation of "life's necessities." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)). Conditions of confinement that are restrictive or harsh are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). *See also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam).

However, the Constitution does not require that inmates be housed in comfortable surroundings. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Not every unpleasant experience a prisoner might endure constitutes cruel and unusual punishment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). Isolated exposure to unpleasant and uncomfortable conditions does not violate the Eighth Amendment if the exposure is of short duration and causes no physical harm. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

The conditions of which the plaintiff complains, however, are at best unpleasant. It is not cruel and unusual punishment for the jail to ban the possession of personal items in overcrowded cells. Similarly, sleeping on a bunk-bed is preferable to sleeping on the floor, but sleeping on the floor for four months cannot be said to be cruel or unusual amidst overcrowded penal facilities. In short, the Court cannot find that the Plaintiff has stated a Constitutional claim. *See Moore v. Holbrook*, 2 F.3d

5

697, 700 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) and discussing the harsh nature of the conditions).

Even were the Court to decide that the conditions of Baxter's confinement were severe enough after objective scrutiny,, however, his pleadings contain other fatal flaws. The Defendants' offending conduct must be alleged (and later shown) to be wanton and constitute "malicious and sadistic acts whose very purpose is to inflict harm." *Id.* at 700 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Wilson v. Seiter*, 501 U.S. at 297-99). No such culpable frame of mind can be discerned within the Plaintiff's allegations.

Indeed, the Plaintiff has failed to allege who committed or omitted the actions which offend him. Of the seven (7) listed Defendants, only Captain Neely's name appears in any of the pages of allegations, the Plaintiff stating as follows about the night of his arrival at Three Forks:

> . . . I brought out of the holding cells of Capt. Neely took to the Loop and put me with other Breathitt Co. inmates. Breathitt Co. Cell put me out for what I'm charged with. Captain Neely walked with me and put me in (seg.) The whole. Later that night other inmates ask me what I was put in the whole for and I told them. One of inmates asked captain Neely if he bring the T.V. Back to seg. Captain Neely did so. He asked if it was OK and no one said anything, the other inmates tried to get me out of my cell (133) but instead two inmates came in and beat me down.

Complaint, Record No. 2 at 2. Even though Defendant Neely's name appears here, the allegations are not in the nature of complaints about him or his conduct. If anything, he apparently tried to solve a problem for the Plaintiff by putting him into "seg." to safe-guard him, the Court assuming that "seg.' is short for segregation.

6

Baxter's pleadings have not set forth the basis of the claim in a manner that gives the defendants proper notice.  Neither the defendants nor this court are required to "conjure up unpled allegations."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

On the instant scant record, the Court will dismiss the complaint for Baxter's failure to state a claim upon which relief may be granted, without prejudice to the Plaintiff's bringing a future claim regarding the conditions at Three Forks.

Even though 42 U.S.C. §1997e requires that a prisoner exhaust whatever administrative remedies are available, the Plaintiff does not state that he did so.  He states only that he filed a grievance on March 2, 2007 and another on July 7, 2007, and appealed to the warden on July 14, 2006.  Baxter does not reveal the topic or persons involved in either of the alleged grievances or in his alleged appeal to the warden.  While his complaint cannot be dismissed for this reason (*see Jones v. Bock*, 127 S.Ct. 910, 920 (2007)), the Court mentions the administrative process for the help it could provide in construing the Plaintiff's allegations, should he re-file an action on the conditions of confinement at Three Forks.

Should Baxter return to federal court, it is improper for a litigant to communicate directly with judges and magistrates about cases pending before them. If a litigant, including the Plaintiff, wishes to have included in the Court record information relevant to his case, he must mail the paper, styled as a pleading, to the Clerk of the Court, not the Judge.

Finally, Baxter's thwarted notice of change of address and the Postal Service's return of the last two pieces of mail which the Clerk sent to his original address suggest that he has left the Three Forks Regional Jail, thus mooting his request for injunctive relief. "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief," *i.e.*, nothing remains to be enjoined or declared improper. *Berger, et al. v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir.), *cert. denied*, 124 L. Ed. 2d 639, 113 S. Ct. 2416 (1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)).

The courts have, therefore, held that a prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer. *See Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) (per curiam); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982); *White v. State*, 82 F.2d 364, 366 (10th Cir. 1996) (holding that inmate plaintiff's claims for injunctive relief were mooted by his release). Consistent with this doctrine, a continuing case or controversy no longer appears to exist.

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

8

(1)     This action is **DISMISSED**, *sua sponte*, without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii)).

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

(3)     Baxter is hereafter on notice that it is improper to attempt to communicate with the Court via correspondence and he may be subject to sanctions should he do so again.

(4)     The Clerk of the Court shall mail the Plaintiff's copies of today's docket entries to the Plaintiff at his address of record and also mail a set of copies to him at the Henderson County Detention Center (*see* D.E. 7).


Signed on  December 7, 2007

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY